## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Criminal No. 17-621 (DRD) |
| Plaintiff, | |
| v. | |
| **LUIS HERNANDEZ RAMOS,** | |
| Defendant. | |

## REPORT AND RECOMMENDATION
## ON RULE 11(b) CHANGE OF PLEA HEARING

### I.    Procedural Background

On December 8, 2017, Defendant Luis Hernández Ramos was charged by a Grand Jury in a six-count indictment. Defendant agrees to plead guilty to Counts One and Six of the Indictment.

Count One of the Indictment charges that, beginning on a date unknown, but no later than in or about the year 2013, and continuing up to and until the return of the Indictment, in the Municipality of Caguas, Cidra, Aguas Buenas and other areas nearby, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, Luis M. Hernández Ramos and other co-defendants, did knowingly and intentionally combined, conspired, and agreed with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: in excess of two-hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of a mixture or substance

USA v. Luis Hernández Ramos
Cr. No. 17-621 (DRD)
Report and Recommendation on Guilty Plea

containing a detectable amount of marijuana, a Schedule I Narcotic Controlled Substance; a mixture or substance containing detectable amounts of Oxycodone (commonly known as Percocet), a Schedule II Narcotic Controlled Substance; and a mixture or substance containing detectable amounts of Alprazolam (commonly known as Xanax), a Schedule IV Narcotic Controlled Substance, all within one thousand (1,000) feet of the real property comprising the Turabo Heights Public Housing Project, Brisas del Turabo Public Housing Project, Juan Jiménez García Public Housing Project, Praxedes Santiago Public Housing Project, Jardines de Cidra Public Housing Project, and Vistas de Jagueyes Public Housing Project, housing facilities owned by a public housing authority, and other areas nearby and within the Municipality of Caguas, Cidra, and Aguas Buenas Puerto Rico. All in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 860.

Count Six of the Indictment charges that beginning on a date unknown, but no later than in or about the year 2013, and continuing up to and until the return of the Indictment, in the Municipality of Caguas, Cidra, Aguas Buenas and other areas nearby, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, Luis M. Hernández Ramos and other co-defendants, aiding and abetting each other, did knowingly and unlawfully use and carry firearms as that term is defined on Title 18, United States Code, Sections 921(a)(3), during and in relation to a drug trafficking crime as charged in Count One (1) of the instant Indictment. All in violation of Title 18, United States Code, § 924(c)(1)(A).

On April 4, 2022, Defendant moved for a change of plea. Docket No. 1709. The United States of America and Defendant entered into a Plea and Forfeiture Agreement. Docket No.1766. On May 9, 2022, Defendant appeared before this Court for a change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. See United States v. Woodward, 387 F. 3d. 1329 (11th Cir. 2004) (holding that a magistrate judge may, with the defendant's consent, conduct a Rule 11 change of plea hearing). Defendant was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful because otherwise he could be charged with perjury.

## II.    Consent to Proceed Before a Magistrate Judge

Defendant was advised of his right to hold all proceedings, including this change of plea hearing, before a district court judge. An explanation of the differences between the scope of

jurisdiction and functions of a district judge and a magistrate judge was provided. Defendant was informed that, if he elects to proceed before a magistrate judge, the magistrate judge would conduct the hearing and prepare a report and recommendation, subject to the review and approval of the district judge.

Defendant was provided with a *Waiver of Right to Trial by Jury*, which he signed prior to the hearing. Docket No. 1765. Defendant validated his signature and informed that his attorney had translated the document to Spanish and had explained the document before signing the same. The Court thus found that Defendant voluntarily consented to proceed before a magistrate judge and approved Defendant's consent.

### III.    Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal crimes. Pursuant to Rule 11, for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernández Wilson, 186 F. 3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea'". United States v. Cotal-Crespo, 47 F. 3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U. S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.

### A. Competence to Enter a Guilty Plea

The Court questioned Defendant about his age, education, history of any treatment for mental illness or addiction, use of any medication, drugs or alcohol, and his understanding of the purpose of the hearing, to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The Court confirmed that Defendant received the Indictment and fully discussed the charges with his attorney, and that he was satisfied with the advice and representation he received. The Court further inquired whether Defendant's counsel or counsel for the Government had any reservations as to Defendant's capacity to plead, receiving answers that Defendant was competent to enter a plea. After considering Defendant's responses, and observing his demeanor, a finding was made that Defendant was competent to plead and fully aware of the purpose of the hearing.

USA v. Luis Hernández Ramos
Cr. No. 17-621 (DRD)
Report and Recommendation on Guilty Plea

### B.  Plea Agreement

Defendant was shown his plea agreement, including the stipulation of facts, and he identified his initials and signatures. Defendant confirmed that he had the opportunity to read and discuss the plea agreement and plea agreement supplement with his attorney, that his attorney translated both the plea agreement and the plea agreement supplement before he signed the plea agreement, that the plea agreement represented the entirety of his understanding with the Government, that he understood the terms of the plea agreement and plea agreement supplement, and that no one had made any other or different promises or assurances to induce him to plead guilty. Counsel for the Government described the essential terms of the plea agreement, including stipulations pertaining to the Sentencing Guidelines and any sentencing recommendations. Counsel for the defense agreed with the Government's description of the terms and recommendations, and so did Defendant.

Defendant was then admonished, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), that the terms of the plea agreement are mere recommendations to the Court, and that the District Judge who will preside over the sentencing hearing can reject the recommendations without permitting Defendant to withdraw his guilty plea. And that the District Judge could impose a sentence that is more severe than what Defendant might anticipate. Defendant expressed full understanding of the foregoing and confirmed that he was fully aware that, if the District Judge did not follow the recommendations in the plea agreement, he would not be allowed to withdraw his plea of guilty solely because he received a sentence that is higher than expected.

### C.  Voluntariness

In considering the plea agreement, Defendant confirmed that no one made promises or assurances of any kind in exchange for his guilty plea. Defendant indicated that he was not being induced to plead guilty, that he was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered a thing of value in exchange for his plea. Defendant understood that the offenses to which he is pleading guilty are felonies and that, if the plea is accepted, he will be adjudged guilty of those offenses, and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

USA v. Luis Hernández Ramos
Cr. No. 17-621 (DRD)
Report and Recommendation on Guilty Plea

Throughout the hearing, Defendant was free to consult with his attorney or to seek clarification from the Court. He confirmed that his decision to plead guilty was made knowingly and voluntarily.

### D.  Maximum Penalties

Upon questioning, Defendant expressed his understanding of the statutory maximum penalties for the offenses to which he was pleading guilty; Counts One and Six of the Indictment. Count One of the Indictment carries a term of imprisonment of not less than ten (10) years and up to two (2) terms of life in prison, a fine not to exceed twenty million dollars ($20,000,000), and a term of supervised release of not less than ten (10) years. However, because Defendant has stipulated and agreed to a lesser drug amount— not less than two hundred (200) grams but no more than three hundred (300) grams of cocaine— the applicable penalties are the following: a term of imprisonment of not less than one (1) year but no more than forty (40) years, a fine not to exceed two million dollars ($2,000,000), and a term of supervised release of not less than six (6) years. Count Six of the Indictment carries a consecutive minimum term of imprisonment of five (5) years and a maximum term of life, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), and a term of supervised release of not more than five (5) years. In addition, a Special Monetary Assessment of one hundred dollars ($100.00) per count of conviction would be imposed, to be deposited to the Criminal Victims Fund, pursuant to Title 18, United States Code, Section 3013(a). Defendant indicated that he understood the maximum penalties applicable to Counts One and Six of the Indictment, that the offenses charged are felonies, and the potential consequences of the guilty plea, such as the deprivation of certain valuable rights.

The Court then explained the nature of supervised release and the consequences of violating the conditions of supervised release. Specifically, Defendant was informed that, if supervised release is revoked, he may be required to serve an additional term of imprisonment up to the full time of the term of supervised release originally imposed by the Court. And that, if he is currently on supervised release in a different case than the one object of the Indictment here, his plea of guilty, if accepted, could result in negative consequences, such as the revocation of his supervised release in that other case.

The Court further advised Defendant that in certain cases the Court may also order, or be required to order, that Defendant pay restitution to any victim of the offenses, and the Court may

USA v. Luis Hernández Ramos
Cr. No. 17-621 (DRD)
**Report and Recommendation on Guilty Plea**

also require him to forfeit certain property to the Government, as agreed in the forfeiture provision in paragraph twenty-two (22) of the plea agreement. Defendant was also informed that any sentence imposed in this case could be imposed to run concurrently or consecutively to any sentence he may be currently serving in another case.

### E.  Sentencing Procedure

Defendant was informed that, in determining his sentence, the District Judge is required to consider, but not necessarily follow, the Sentencing Guidelines. Defendant confirmed that he discussed with his attorney how the Sentencing Guidelines might apply to this case. Defendant was specifically informed that the Court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate expected by him or provided by his attorney, and that the Court had the authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines. Defendant was advised, and informed to have understood, that the Sentencing Guidelines are thus considered advisory, and that during sentencing the District Court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a), which include the seriousness of the offense, the need for deterrence of criminal conduct, the need to protect the public from further crimes, the need to provide Defendant with educational or vocational training, or medical care, and the need to provide restitution to any victims.

Defendant was advised that parole has been abolished and that, if he is sentenced to prison, he will not be released on parole. Further, Defendant was advised of his right to appeal and that, under some circumstances, he or the Government may have the right to appeal the sentence imposed by the Court. But that, pursuant to his plea agreement, he is waiving his right to appeal both the judgment and sentence imposed by the Court, if the Court accepts his plea agreement and sentences him according to its terms, conditions, and recommendations; to a term of imprisonment of ninety-seven (97) months or less. Defendant informed that he understood his right to appeal and that he voluntarily agreed to this waiver.

### F.  Waiver of Constitutional Rights

Defendant was specifically advised that he has the right to persist in a plea of not guilty and that, if he does, he has the right to a speedy trial by jury, or trial before a judge sitting without a jury if the Court and the Government so agree; that at trial he would be presumed innocent and

USA v. Luis Hernández Ramos
Cr. No. 17-621 (DRD)
Report and Recommendation on Guilty Plea

the Government would have to prove his guilt beyond a reasonable doubt; that he would have the right to the assistance of counsel for his defense, and that, if he could not afford one, an attorney would be appointed to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the witness, the right to issue subpoenas or to compel the attendance of witness to testify at trial, and the right to testify or to remain silent. Defendant was further advised that if he decided not to testify or put on evidence at trial, the failure to do so could not be used against him, and that at trial the jury would have to return a unanimous verdict before he could be found guilty or not guilty.

Defendant specifically acknowledged understanding these rights. He reaffirmed his understanding that by entering a plea of guilty there would be no trial and he would be waiving or giving up the rights that the Court explained.

### G.  Offenses Charged and Factual Basis for the Guilty Plea

Defendant was read in open court Counts One and Six of the Indictment and was provided the meaning of technical terms used in the Indictment to describe the offenses as charged. Defendant was also provided an explanation of the elements of each of the offenses charged. Defendant expressed that he understood the charges and the elements of the offenses, and what the Government would have to prove beyond a reasonable doubt if he were to go to trial.

The Government explained the factual basis for the offenses and the evidence it would present if this case were to proceed to trial. Upon questioning, Defendant admitted to the facts, constituting all the elements of the offenses charged. Defendant admitted that he was pleading guilty because he is in fact guilty. Defendant pled guilty as to Counts One and Six of the Indictment.

### V.      Conclusion

Defendant appeared before me, by consent, pursuant to Rule 11 of the Federal Rules of Criminal Procedures and entered a plea of guilty as to Counts One and Six of the Indictment.

After cautioning and examining Defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, the Court finds that the defendant, **Luis Hernández Ramos**, is fully competent and capable of entering this guilty plea, is aware of the nature of the charges and the maximum statutory penalties these carry, understands that the charges are supported by evidence and a basis in fact, has admitted to the elements of the offenses, and has

USA v. Luis Hernández Ramos
Cr. No. 17-621 (DRD)
**Report and Recommendation on Guilty Plea**

done so in an intelligent and voluntary manner with knowledge of the consequences of his guilty plea.

I recommend that the Court accept the guilty plea and that Defendant be adjudged guilty as to Counts One and Six of the Indictment.

**IT IS SO RECOMMENDED.**

This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed within fourteen (14) days of its receipt. Failure to file timely and specific objections to the Report and Recommendation is a waiver of the right to review by the District Judge and of the right to appeal. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

**A sentencing hearing will be scheduled by the presiding judge, Hon. Daniel R. Domínguez.**

In San Juan, Puerto Rico, this 11th day of May 2022.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge